Action No. 1: A. J. ARMSTRONG Co., INC., Respondent, v. LAWRENCE AMERICAN FIELD WAREHOUSING CORP. (Formerly Known as AMERICAN EXPRESS FIELD WAREHOUSING CORPORATION), Appellant.

Action No. 2: PROCTER & GAMBLE DISTRIBUTING COMPANY, Respondent, v. LAWRENCE AMERICAN FIELD WAREHOUSING CORP., Appellant.

Action No. 3: NATIONAL DAIRY PRODUCTS CORPORATION, Respondent, v. LAWRENCE AMERICAN FIELD WAREHOUSING CORP., Appellant.

Action No. 4: GARNAC GRAIN Co., INC., Respondent, v. LAWRENCE AMERICAN FIELD WAREHOUSING CORP., Appellant.

Action No. 5: CONTINENTAL GRAIN COMPANY, Respondent, v. LAWRENCE AMERICAN FIELD WAREHOUSING CORP., Appellant.

In Each of the Above-entitled Actions: LAWRENCE AMERICAN FIELD WAREHOUSING CORP., Defendant and Third-Party Plaintiff-Appellant, v. BROOKS BANKER, as Treasurer of AMERICAN EXPRESS COMPANY, Third-Party Defendant-Appellant.

First Department, January 26, 1965.

*James M. FitzSimons* of counsel (*James B. Donovan* with him on the brief; *Watters & Donovan,* attorneys), for Lawrence American Field Warehousing Corp., appellant.

*William W. Owens* of counsel (*Peter J. O'Shea, Jr.,* with him on the brief; *Royall, Koegel & Rogers,* attorneys), for Procter & Gamble Distributing Company, respondent.

*Allen T. Klots* of counsel (*Peter H. Kaminer* with him on the brief; *Winthrop, Stimson, Putnam & Roberts,* attorneys), for Brooks Banker, third-party defendant-appellant.

*Sheldon Oliensis* of counsel (*Ivan Serchuk* with him on the brief; *Kaye, Scholer, Fierman, Hays & Handler,* attorneys), for A. J. Armstrong Co. Inc., respondent.

*Henry E. Otto* of counsel (*Samuel C. Otto* with him on the brief; *Otto & Easterday,* attorneys), for Garnac Grain Co., Inc., respondent.

*Per Curiam.* Defendant Lawrence American Field Warehousing Corp. and third-party defendant American Express Company appeal from an order granting in part their respective motions for consolidation of five primary actions and for separate trials of the five third-party proceedings in the actions, insofar as it severs and fails to consolidate three primary actions in which partial or complete summary judgment had been granted.

The order should in all respects be affirmed.

The five actions that are the subjects of these motions were each brought to recover for defendant Field's failure to honor certain nonnegotiable warehouse receipts for large quantities of edible vegetable oil. In each case defendant Field has impleaded third-party defendant Express on an alleged contractual right of indemnity.

Subsequent to its decision by opinion of these procedural motions but prior to entry of an order, Special Term decided motions for summary judgment in the three primary actions brought by plaintiffs Armstrong, Procter & Gamble, and Garnac. In the case of Procter & Gamble complete summary judgment was granted, and in the two other cases partial summary judg-

ment was granted on the issue of liability and an assessment of damages was directed. Some time later another Justice at Special Term granted partial summary judgment in the remaining two primary actions here involved, that by plaintiffs National Dairy and Continental Grain, and another, not involved here, by Williston & Beane and a bank. Appeals fom the procedural order and from the summary judgments were argued simultaneously. In each case the order granting partial summary judgment has been affirmed, and Procter & Gamble's order granting complete summary judgment has been modified on appeal to partial summary judgment by determinations made simultaneously with this (*Procter & Gamble Distr. Co.* v. *Lawrence American Field Warehousing Corp.*, 22 A D 2d 420).

Although the direction severing three of the primary actions was, perhaps for convenience, incorporated in the order disposing of the procedural motions, this direction was in fact merely an incident to the contemporaneous grants of summary judgment. Under CPLR 3212 (subd. [e]) the court had ample warrant for this direction to sever the causes of action on which summary judgment had been granted. It would be absurd to argue that having decided to grant defendant Field's motion for consolidation in an opinion dated May 25, 1964 the same court was required to overlook the intervening opinion decisions granting summary judgments and consolidate all five primary actions. Defendant and third-party defendant do not so argue but assert only that they will be prejudiced by a severance in the event of a reversal on the substantive appeals. Since the substantive orders granting summary judgment have in each case been affirmed insofar as concerns the issues of liability, it follows that the three primary actions were properly severed.

Since plaintiffs have not raised the point, it is not necessary to consider whether the directions to consolidate two of the primary actions should be modified to reflect the subsequent grant of partial summary judgments in those actions. Nor does the court pass at this time on the effect of any severance on third-party defendant's rights to participate in any future proceedings or to obtain any discovery from plaintiffs. These are matters to be passed upon by Special Term when the issues are raised.

Accordingly, the order consolidating only two of the five primary actions, severing the remaining three primary actions, and granting subsequent separate trials on the third-party complaints, should be affirmed, with costs and disbursements to plaintiffs-respondents, and without prejudice to any party to apply to Special Term for reconsideration of the procedural

status of the actions as they may be affected, but only as they may be affected, by the present or any future dispositions on the merits on appeal or otherwise.

BREITEL, J. P., VALENTE, McNALLY, STEVENS and STEUER, JJ., concur.

Order, entered on June 9, 1964, consolidating only two of the five primary actions, severing the remaining three primary actions, and granting subsequent separate trials on the third-party complaints, unanimously affirmed, with $30 costs and disbursements to plaintiffs-respondents, and without prejudice to any party to apply to Special Term for reconsideration of the procedural status of the actions as they may be affected, but only as they may be affected, by the present or any future dispositions on the merits on appeal or otherwise. Settle order on notice.